CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 26 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UHURU-SEKOU OBATAIYE-ALLAH, ) | CASE NO. 7:14CV00016 |
| ) | |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ) | |
| HAROLD CLARK, *ET AL.*, ) | By: Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant(s). ) | |

This closed civil action is before the court on plaintiff's motions to amend, which the court also construes as seeking reinstatement of the action to the court's active docket. After carefully reviewing plaintiff's dozens of submissions and his proposed amendments, the court finds no reason to reinstate the action and will deny plaintiff's motions.

Uhuru-Sekou Obataiye-Allah ("plaintiff"), an inmate at Red Onion State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff's initial submissions consisted of 52 pages, named more than 35 prison officials as defendants, and asserted conclusory "claims" of negligence, abuse of process, and various constitutional violations. The complaint was not signed under penalty of perjury, made no coherent statement of facts in support of each of these claims, and, instead, mentioned various incidents at random over the course of an 18-month period.[1] Plaintiff also moved for interlocutory injunctive relief, alleging that he feared officers at Red Onion were retaliating against him for an unsuccessful lawsuit he filed almost 10 years ago against officers at another prison. See Talbert v. Smith, 7:05CV00736 (W.D. Va. 2007) (judgment entered for defendants after jury trial).

---

[1] Plaintiff also named several other inmates as "plaintiffs" and moved to certify a class action on retaliation. This motion is without merit, as the court cannot certify a class in an action where a pro se litigant seeks to represent the interests of the class. Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975).

The court entered a conditional filing order, requiring plaintiff to provide financial information to allow him to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(b). The first paragraph of the order notified plaintiff that until he complied with this order, the court would not "adjudicate legal and factual matters discussed in either a pleading or motion." (ECF No. 6.) Nevertheless, plaintiff has continued to file motions, seeking to amend the complaint and his requests for interlocutory relief to add more conclusory allegations and name new defendants or to dismiss claims against previously named defendants. Plaintiff then filed a motion to voluntarily withdraw the lawsuit, which the court granted. The next day, however, plaintiff submitted a declaration stating that he did not want to withdraw the suit after all. Instead, he filed two additional motions to amend.

The court cannot find it to be in the interest of justice to reinstate the plaintiff's action to the active docket, as it simply does not comply with the minimum standards for a civil complaint. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's allegations do not state an actionable claim unless he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (finding dismissal appropriate where plaintiff's factual allegations do not support "plausible" claim for relief). The court's duty to construe a pro se plaintiff's pleadings more liberally than those filed by an attorney does not require the court to construct actionable claims for plaintiff from the list of defendants, paragraphs of bare legal theories, stacks of grievance forms and unconnected exhibits, and multiple, tack-on amendments he has submitted. See

Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir.1985) (noting that "[p]rinciples requiring generous construction of pro se complaints are not, however, without limits").

Plaintiff's submissions also fail to comply with the rules governing the joinder of multiple claims and defendants in the same lawsuit. Under Rule 18(a), a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. However, in order to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. On its face, plaintiff's complaint and piecemeal amendments, bringing multiple, unrelated claims against dozens of defendants, do not comply with these rules.

Finally, even if the court were to reinstate the action, plaintiff's motions for interlocutory injunctive relief do not state facts warranting such an extraordinary remedy. The party seeking the preliminary injunction must make a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest."[2] Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)).

Plaintiff's motions for interlocutory injunctive relief are based on conclusory allegations of retaliation for the lawsuit he lost at trial years ago. That lawsuit alleged use of excessive force

---

[2] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

by officers at Wallens Ridge State Prison. Some defendants from that old lawsuit are now employed as supervisory officials at Red Onion. Plaintiff alleges that various Red Onion officials have, among other things, refused him outside recreation and showers on occasion, denied him meals or tainted his food, falsely charged him with a disciplinary offense, confiscated or destroyed his personal property, verbally threatened him, and placed him in segregated confinement, purportedly all in retaliation for the old lawsuit. Plaintiff does not state facts, however, connecting officers' actions at Red Onion to the past lawsuit about events at Wallens Ridge. Moreover, he simply does not state facts supporting a finding that he is in imminent danger of irreparable harm without the requested court intervention.

For the stated reasons, the court finds no ground on which plaintiff is entitled to reinstatement of this action and will deny plaintiff's pending motions to amend. The action was, and will remain, dismissed without prejudice to plaintiff's pursuit of one or more of his claims in a new and separate complaint that complies with Rules 8, 18, and 21. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of February, 2014.

                                                           /s/ Glen Conrad
                                                           Chief United States District Judge